UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OTTER PRODUCTS, LLC,

               Plaintiff,

-against-

MEGAN MEADOWS JONES, doing business
as "MEGANMEADOWS" and
"JULIALOVESPURSES",

               Defendant.

**ORDER**

22-CV-07861 (PMH)

PHILIP M. HALPERN, United States District Judge:

On October 24, 2022, a Clerk's Certificate of Default was entered against Megan Meadows Jones ("Defendant"). (Doc. 12). The Court, on motion by Otter Products, LLC ("Plaintiff"), entered an order to show cause on December 19, 2022, as to why entry of default judgment and permanent injunction by default should not be entered against Defendant. (Docs. 13-20). On February 14, 2023, Defendant filed a response to the order to show cause. (Doc. 23). The Court, on February 15, 2023, issued an order construing Defendant's response as both opposition to the pending motion for default judgment and as a cross-motion under Fed. R. Civ. P. 55(c) to vacate entry of the Clerk's Certificate of Default. (Doc. 24). Plaintiff's opposition to the cross-motion, if any, was due on March 3, 2023. (*Id*.).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612, 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (alteration omitted)).

1

"Good cause under Rule 55(c) should be construed generously, and the dispositions of motions for entries of defaults and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case." *Id*. (internal quotation marks and alterations omitted). "In determining whether to vacate a default or default judgment, the Court must consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. (quoting *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08-CV-08556, 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010). "The Court may also consider whether the entry of default would bring about a harsh or unfair result." *Id*. (internal quotation marks omitted).

The Court finds that good cause exists to vacate the Clerk's entry of default under Rule 55(c). Defendant acted expeditiously upon being notified of the order to show cause, filing a response within one month of service upon her of the papers on which the order to show cause was based. (*See* Docs. 21-22; Doc. 23). Plaintiff has not established the existence of prejudice that would preclude vacatur of the entry of default. Indeed, Plaintiff has not opposed Defendant's cross-motion to vacate the entry of default. Finally, Defendant has advanced defenses that could prove meritorious in opposing Plaintiff's complaint. "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Caleb & Brown Pty. Ltd.*, 2021 WL 4226183, at *4 (citation omitted). Plaintiff contends in her response that her ex-husband had "purchased a lot of phone cases from a local auction house" that were marketed as Amazon returns with "the LP inventory label on them." (Doc. 23). Defendant notes that the "cases appear to be authentic" and she did not intend to sell a counterfeit product. (*Id*.). "A jury could, without doubt, conclude that [Defendant's] statements reveal willful blindness, or establish a pattern of conduct so

unreasonable as to constitute reckless disregard. Still, it is not beyond peradventure that a reasonable jury would conclude otherwise." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005). Accordingly, under the circumstances, good cause exists to vacate the entry of default and warrants allowing Defendant the opportunity to file a responsive pleading.

Plaintiff's motion for a default judgment is, therefore DENIED without prejudice, and Defendant's cross-motion to vacate the Clerk's entry of default is GRANTED.

Defendant shall answer or otherwise respond to the complaint no later than **April 3, 2023**. Defendant is warned that failure to respond to the complaint by April 3, 2023 may result in the entry of default judgment against her. Defendant is referred to the Pro Se Intake Unit, (212) 805-0175, for procedural assistance and resources for seeking pro bono counsel.

The Clerk of Court is respectfully directed to: (i) vacate the Certificate of Default (Doc. 12); and (ii) mail a copy of this order to defendant at: Megan M. Jones, 1101 Madison Street, Clarksville, TN 37040.

SO ORDERED.

Dated:   White Plains, New York
         March 6, 2023

_____
        Philip M. Halpern
        United States District Judge